**Opinion filed October 31, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00277-CR

_____

## LARRY GORDON CARPENTER, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR24337**

## MEMORANDUM OPINION

Larry Gordon Carpenter, Jr. has filed an untimely notice of appeal in this cause. He attempts to appeal his conviction for the offense of assault family violence. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on July 11, 2018, and that his notice of appeal was placed in the mail on October 9 and filed on October 10, 2018. Pursuant to Rule 26.2(a) of the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within

thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant filed a request for findings of fact and conclusions of law on July 17 but that Appellant did not file a motion for new trial. Because Appellant did not timely file a motion for new trial, the notice of appeal was due thirty days after he was sentenced. *See Starks v. State*, No. 12-05-00131-CR, 2005 WL 1000567 (Tex. App.—Tyler Apr. 29, 2005, no pet.) (mem. op., not designated for publication) (holding that request for findings of fact did not extend timeline for filing a notice of appeal in a *criminal* case); *see also State v. Cullen*, 195 S.W.3d 696, 700 (Tex. Crim. App. 2006) (stating that time to perfect appeal is unaffected by requirement on trial court to enter findings and conclusions regarding a motion to suppress). Appellant's notice of appeal was not timely filed. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue. Appellant filed a response, but he has not shown any grounds upon which this court may continue this appeal. We have considered Appellant's response; however, we are without authority to proceed with this appeal or to grant a request to continue with an out-of-time appeal. *See Slaton*, 981 S.W.2d at 210. We note that Appellant's counsel indicated that he is pursuing a writ of habeas

corpus to obtain permission from the Court of Criminal Appeals to pursue an out-of-time appeal.

We dismiss this appeal for want of jurisdiction.

PER CURIAM

October 31, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.